**TOM HORNE**
Attorney General

Firm State Bar No. 14000
ANTHONY E. YOUNG (020742)
Assistant Attorney General
1275 W. Washington
Phoenix, Arizona 85007-2997
Telephone: (602) 542-8534
Environmental@azag.gov
Attorneys For Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel.* Henry R. Darwin, Director, Arizona Department of Environmental Quality,<br><br>Plaintiff,<br>vs.<br><br>GenCorp Inc., an Ohio corporation; HTM USA Holdings, Inc., a Delaware corporation; and Penn Racquet Sports, Inc., an Ohio corporation,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>(Environmental Action) |

The State of Arizona *ex rel.* Henry R. Darwin, Director of the Arizona Department of Environmental Quality (the "State"), alleges:

### NATURE OF THE ACTION

1.     This is a civil action for recovery of response costs and for declaratory relief pursuant to Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9607, and A.R.S. §49-287 of

the Arizona Water Quality Assurance Revolving Fund ("WQARF"), against Defendants GenCorp Inc. ("GenCorp"); HTM USA Holdings, Inc ("HTM"); and Penn Racquet Sports, Inc. ("Penn") (collectively the "Defendants"). The State seeks recovery of response costs incurred, or to be incurred, in response to releases and threatened releases of hazardous substances into groundwater at and from facilities formerly owned and operated, or currently owned and operated by the Defendants, within the West Van Buren WQARF Site (the "Site") in Phoenix, Arizona.

This action further asserts a supplemental jurisdiction claim pursuant to 28 U.S.C. § 1367 seeking the issuance of a mandatory injunction requiring Defendants to undertake appropriate assessment and remedial actions at the Site pursuant to WQARF, specifically A.R.S. § 49-287(B) and (G).

3. In accordance with 42 U.S.C. §9613, the State will mail copies of this Complaint to the Attorney General of the United States and to the Administrator of the United States Environmental Protection Agency.

## JURISDICTION AND VENUE

4. Defendants have caused events to occur in Maricopa County, Arizona out of which this action arises.

5. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613.

6. This Court has supplemental jurisdiction over the state law (WQARF) claims for relief pursuant to 28 U.S.C. § 1367 because they arise out of a common nucleus of

operative facts and are so related to the federal question claims that they form part of the State's federal (CERCLA) claims for relief.

7.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) and 42 U.S.C. § 9613 because the claims arose and the release or threatened release of hazardous substances occurred in this District.

## PARTIES

8.  Plaintiff State of Arizona is a state of the United States of America. The Arizona Department of Environmental Quality ("ADEQ") is an agency of the State of Arizona that was established in 1986 pursuant to A.R.S. § 49-102(A).

9.  Henry R. Darwin was appointed Director of ADEQ pursuant to A.R.S. §§ 49-102(B) and 38-211, and is authorized to file this action on behalf of the State.

10. Defendant GenCorp is an Ohio corporation which conducted business in this District. From 1971 to 1999, GenCorp and/or GenCorp's subsidiary corporations, built and operated a tennis and racquet ball manufacturing and distribution facility in Phoenix at 306 South 45th Avenue, Phoenix, Arizona (the "Facility").

11. Defendant HTM is an Ohio corporation which conducted business in this District. HTM operated the Facility from March, 1999 to March 31, 2009. Since April 1, 2009, the Facility has been used for distribution only.

12. Defendant Penn is an Ohio corporation which conducted business in this District. Penn operated the Facility from March, 1999 to March 31, 2009. Since April 1, 2009, the Facility has been used for distribution only.

**GENERAL ALLEGATIONS**

13. The Site consists of a widespread area of soils and groundwater contaminated with volatile organic compounds. In April, 1998, ADEQ placed the Site on the WQARF Registry. The Site boundaries are approximately bounded by West McDowell Road to the north, 7th Avenue to the east, West Buckeye Road to the south and 75th Avenue to the west. In addition, a finger shaped plume exists between 7th Avenue and 27th Avenue between Buckeye Road and Lower Buckeye Road.

14. During the time of Defendants' ownership and operation of the Facility, hazardous substances, within the meaning of Section 101(14) of CERCLA, 42 U.S.C. §9601(14) and A.R.S. §49-281(8), were disposed of at the Facility and released into soils and groundwater of the Site.

15. Each of the Defendants are a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(27), and as used in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a) and A.R.S. §49-292.

16. The Facility at 306 S. 45th Ave., Phoenix, Arizona is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9), and A.R.S. §49-281(6).

17. The actual or threatened disposal, release and migration of hazardous substances from the Facility and the Site is a "release" as defined in Section 101(22) of CERCLA, 42 U.S.C. §9601(22) and A.R.S. §49-281(11) of WQARF.

18. Releases or threatened releases of hazardous substances at and from the Site and at and from the Facility owned and operated by the Defendants have caused and

continues to cause the State to incur costs to conduct response activities at the Site, including, but not limited to, studies, investigations, oversight, enforcement and indirect costs.

19. Each of the Defendants are a liable party as defined in Section 107(a) of CERCLA, 42 U.S.C. 9607(a), and A.R.S. §49-283 of WQARF.

20. Pursuant to A.R.S. §§ 49-102(B), 202(L), 287(C), and 38-211, Henry R. Darwin is the duly appointed Director of ADEQ and is authorized to bring this action.

## FIRST CAUSE OF ACTION

21. Paragraphs 1 through 20 are realleged and incorporated herein.

22. As the owner and/or operator of a Facility at the time of disposal of a hazardous substance, from which there has been a release or threatened release of a hazardous substance, which led to the incurrence of response costs, the Defendants are liable for all costs of response under Sections 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2) and A.R.S. § 49-285.

23. Defendants are liable for the State's costs of response under Section 107(a) of CERCLA, 42 U.S.C. § 9607 and A.R.S. § 285.

## SECOND CAUSE OF ACTION

24. Paragraphs 1 through 23 are realleged and incorporated herein.

25. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), a declaratory judgment should be entered against the Defendants declaring them liable for

future response costs, not inconsistent with the NCP, to be incurred by the State in connection with the Site.

### THIRD CAUSE OF ACTION

26. Paragraphs 1 through 25 are realleged and incorporated herein.

27. The release of hazardous substances at or from the Site represents a threat to the waters of the State, as that is defined in A.R.S. § 49-201(41), and imminent harm may occur unless Defendants are ordered to conduct appropriate response actions to abate the release.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff State of Arizona requests that this Court:

A. Enter judgment against the Defendants in favor of the State of Arizona for all costs incurred in response to the release or threat of release of hazardous substances at and from their respective facilities into the environment, plus interest;

B. Enter a declaratory judgment pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that the Defendants are liable for all future response costs to be incurred by the State of Arizona in connection with the Site in response to the release or threat of release of hazardous substances;

C. Enter an order for injunctive relief requiring the Defendants to conduct appropriate response actions to abate the release of hazardous substances into the waters of the State;

D.   Award court costs to State of Arizona; and

E.   Grant such other relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 9th day of August, 2013.

TOM HORNE
Arizona Attorney General

/s/ Anthony E. Young
Anthony E. Young
Assistant Attorney General
Attorneys for Plaintiff

ORIGINAL of the foregoing e-filed this
9th day of August, 2013, with:

United States District Court Clerk
District of Arizona, Phoenix Division
Sandra Day O'Connor United States Courthouse
401 West Washington Street
Phoenix, Arizona  85003

COPIES of the foregoing mailed this
9th day of August, 2013, to:

The Honorable Eric H. Holder, Jr.
U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue NW, Room 4400
Washington, D.C.  20530

/ / /

The Honorable Gina McCarthy, Administrator
United States Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Avenue NW
Washington, D.C.  20460

Jared Blumenfeld, Regional Administrator, Region 9
United States Environmental Protection Agency
75 Hawthorne Street
San Francisco, California 94105-3901


By: /s/ Jana Tabeek